RNN/rn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6253** CR-ROETTGER

18 U.S.C. §287

**MAGISTRATE JUDGE SNOW**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| KEVIN CUMMINGS, | ) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury charges that:

### COUNTS 1 THROUGH 20
(FALSE CLAIMS)

GENERAL ALLEGATIONS:

At all times relevant to this indictment:

1. Medicare was a program designed to provide medical services, medical equipment and supplies to elderly, blind and disabled beneficiaries pursuant to the Social Security Act (Title 42, United States Code, Section 301 et seq.). The Medicare program was and is administered by the United States Department of Health and Human Services ("HHS"), through the Health Care Financing Administration (HCFA).



2.  The United States Department of Health and Human Services was and is a Department of the United States with responsibilities pursuant to federal law for the funding, administration and supervision of certain health care benefit programs, including the Medicare program. HCFA was and is an agency of the United States.

3.  HHS, through HCFA, contracted with a "carrier," Palmetto Government Benefits Administators (PGBA), to administer the Medicare program as it related to Part B claims for durable medical equipment and related services in Florida.

4.  The Medicare Part B program provided payment or reimbursement for certain medically necessary durable medical equipment (including prosthetics) provided by approved durable medical equipment providers to Medicare Part B beneficiaries.

5.  PGBA, on behalf of HHS/HCFA, accepted claims for payment and reimbursement submitted by durable medical equipment providers on "Health Insurance Claim Forms," also known as "HCFA Form 1500."

6.  PGBA, on behalf of HHS/HCFA, adjudicated and processed claims submitted by durable medical equipment providers for payment and reimbursement, and made Medicare program payments to the providers based upon information provided in submitted Health Insurance Claim Forms (HCFA Form 1500).

7.  To receive payment from Medicare for durable medical equipment and related services provided to Medicare Part B beneficiaries, durable medical equipment providers in Florida were required to submit Health Insurance Claim Forms (HCFA Form 1500) to the Medicare Part B carrier, PGBA, containing the dates of the services provided, the diagnoses of

the conditions requiring the services and equipment provided, and the procedures performed or equipment provided.

8. To aid in processing and adjudicating of submitted claims, durable medical equipment providers were required to use standardized codes to describe the pertinent diagnoses and the procedures and equipment for which payment was sought. With respect to diagnoses, durable medical equipment providers were required to use the codes established in the International Classification of Diseases Manuel (ICD-9 CM). With respect to procedures and equipment for which payment was sought, durable medical equipment providers were required to use the codes established in the Physicians' Current Procedural Terminology code book (CPT) and the Health Care Financing Administration Common Procedural Coding System book (HCPCS).

9. The defendant, KEVIN CUMMINGS, was the owner and operator of South Florida Orthotics, Inc., a durable medical equipment provider authorized to submit claims to the Medicare Part B program for prosthetics and related services provided to Medicare Part B beneficiaries.

10. On or about the dates listed below, in Broward County, in the Southern District of Florida, the defendant,

KEVIN CUMMINGS,

did willfully make and present and cause to be made and presented to a Department of the United States, that is, the United States Department of Health and Human Services, claims upon and against it under the federal health care plan known as Medicare for payment for durable

3

medical equipment and related services knowing that such claims were false, fictitious and fraudulent in that the services claimed were not provided as claimed, as set forth below:

| COUNT | CLAIM DATE | BENEFICIARY | ALLEGED SERVICE DATE | AMOUNT |
|---|---|---|---|---|
| 1 | 10/25/99 | O.A. | 10/19/99 | $18,183.96 |
| 2 | 10/27/99 | D.C. | 10/25/99 | $7,812.46 |
| 3 | 10/27/99 | C.D. | 10/26/99 | $8,021.46 |
| 4 | 11/02/99 | I.P. | 10/10/99 | $6,878.94 |
| 5 | 11/15/99 | I.P. | 10/10/99 | $6,878.94 |
| 6 | 11/02/99 | F.T. | 10/21/99 | $7,812.46 |
| 7 | 11/23/99 | H.P. | 11/12/99 | $9,091.98 |
| 8 | 11/27/99 | M.M. | 10/16/99 | $6,355.91 |
| 9 | 10/25/99 | B.P. | 10/22/99 | $29,426.75 |
| 10 | 10/27/99 | B.P. | 10/22/99 | $29,426.75 |
| 11 | 11/05/99 | B.P. | 10/22/99 | $4,728.46 |
| 12 | 10/27/99 | G.B. | 10/15/99 | $8,050.35 |
| 13 | 11/05/99 | D.D. | 10/29/99 | $6,878.88 |
| 14 | 11/17/99 | D.D. | 10/29/99 | $6,878.88 |
| 15 | 11/05/99 | J.P. | 10/25/99 | $6,043.79 |
| 16 | 11/17/99 | J.P. | 10/25/99 | $6,043.79 |
| 17 | 11/05/99 | C.S. | 10/30/99 | $7,496.38 |
| 18 | 11/23/99 | K.B. | 11/20/99 | $1,339.63 |

| 19 | 11/24/99 | J.N. | 11/22/99 | $13,879.63 |
| 20 | 11/24/99 | W.W. | 11/21/99 | $12,276.32 |

All in violation to Title 18, United States Code, Sections 287 and 2.

A TRUE BILL

*Leonard Roth*

FOREPERSON

*Ellen Konnn*

GUY A. LEWIS
UNITED STATES ATTORNEY

ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| KEVIN CUMMINGS_____ | **Superseding Case Information**: |

**Court Division:** (Select One)

New Defendant(s)    Yes ____    No ____
Number of New Defendants    ____
Total number of counts    ____

___ Miami ___ Key West
_X_ FTL ___ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) _No_____
   List language and/or dialect   _English_____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)            (Check only one)

   I     0 to 5 days       _X_____    Petty      _____
   II    6 to 10 days      _____     Minor      _____
   III   11 to 20 days     _____     Misdem.    _____
   IV    21 to 60 days     _____     Felony     _X____
   V     61 days and over  _____

6. Has this case been previously filed in this District Court? (Yes or No) _NO___
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _No_____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) _____NO_____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No    If yes, was it pending in the Central Region? __ Yes __ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY
Court No. 0993996

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: __Kevin Cummings__    No.: _____

Count #: 1 through 20
False claims to Medicare; in violation of 18:287

*Max Penalty:   Maximum penalties of five (5) years' imprisonment, (3) years supervised release; $250,000 fine.

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96